UNITED STATES (PUTNAM v.). See Case No. 11,484.

UNITED STATES (PYE v.). See Case No. 11,488.

---

## Case No. 16,099.

### UNITED STATES v. QUANTITY OF DISTILLED SPIRITS.

[4 Ben. 349.] [1]

District Court, S. D. New York.    Nov., 1870.

INTERNAL REVENUE—PERSONATION OF BONDSMAN — ESTOPPEL — AGREEMENT WITH THE UNITED STATES DISTRICT ATTORNEY—COMPROMISE.

1. A surety. who had signed a stipulation for the release of property seized at the suit of the United States, and against whom judgment had afterwards been entered up. and an execution issued, applied to open the judgment, and set aside the execution, on two grounds: (1) That he signed the bond on the representation that it should also be signed by one S., and that it was not signed by S., but by one B., who falsely personated S. (2) That, after his property had been seized under the execution, it was agreed between him and the United States district attorney, that, if he would give certain information against two other parties, his property should be released; and that he gave the information, and the parties were indicted, and thereupon his property was released, but had now been seized again on an alias execution: *Held*, that it appeared. on the facts, that the surety was not only aware of the personation of S. by B., but himself procured such personation, and that therefore, B. was, to all intents and purposes, S., as against the surety and his liability on his bond.

2. His alleged agreement with the district attorney was not established, but, if it was, it would not avail him as a legal ground for the interposition of the court. The agreement set up being a compromise of a case arising under the internal revenue laws, would not be valid without the concurrence of the commissioner of internal revenue, the secretary of the treasury and the attorney general.

[This was an information against a quantity of distilled spirits, etc., found at Fifty-Fifth street, between Tenth and Eleventh avenues.]

Robert N. Waite, for the motion.
T. Simons, Asst. U. S. Dist. Atty.

BLATCHFORD, District Judge. This is a motion by Henry Stubbin, one of the sureties or stipulators for value on the bond or stipulation given on the release of certain of the property seized in this suit, to open the judgment entered against him herein, and to set aside the execution issued therein, as

1[Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

against said Stubbin. The grounds set forth in the moving affidavit, made by Stubbin, for granting the relief sought, are: (1) That he executed the bond at the solicitation of one of the real owners of the property seized, and on his representation and assurance that the other surety named in the bond should be a well known and wealthy man named Michael Shafer, that he, Stubbin, and a man who called himself Michael Shafer, and to whom Stubbin was introduced, and with whom he then went to the place where the bond was executed, executed the bond, that he, Stubbin, subsequently ascertained that the man who called himself Michael Shafer was not of that name, but that his real name was Morris Brockman, and that he had falsely personated Michael Shafer, and executed the bond with him, Stubbin, by a false and forged name. (2) That, after his property had been seized, under the said execution, he called with his counsel at the office of the United States district attorney, and made a representation of the foregoing facts, and, after two or three interviews with three of the assistant district attorneys, and one interview with the district attorney, it was agreed, that, if he would give all the information he possessed, and render what aid he could to the government, in a prosecution, at that time intended to be instituted against two persons for conspiracy to defraud the government, the execution against his property should be withdrawn, and he should never be disturbed in his quiet and peaceable enjoyment of the same; that, thereafter, criminal proceedings were commenced against such two persons, and he, Stubbin, was used as a witness against them, and did everything required of him by the government, and an indictment, on his evidence, and other testimony, was found against such persons, and was still pending against them; that, immediately after such agreement was made, the execution against him was withdrawn, and the keeper in charge of his property was removed, and he supposed that the proceedings against him were ended and determined; but that an alias execution had been issued, under which a deputy marshal had again seized his property, and the keeper had been placed in charge of it, and the district attorney had expressed his determination to sell the property.

Voluminous testimony has been taken, under an order of reference, in respect to the matters set up, as grounds for granting the motion. The result of a careful examination of such testimony leads to the undoubting conclusion, that, in respect to both of such grounds, the matters of fact alleged by Stubbin are not proved. On the contrary, the evidence shows satisfactorily, that Stubbin knew, when he signed the bond, and when the man who called himself Michael Shafer signed the bond, that such man was not Michael Shafer. but was really Morris Brockman, and permitted, and indeed himself pro-

cured, such man to represent himself to the officers of the government as Michael Shafer, and to execute the bond as Michael Shafer. This being so, such man was, to all intents and purposes, Michael Shafer, as against Stubbin and Stubbin's liability on the bond.

As to the agreement with the officers in the district attorney's office, the extent of it is evidenced by the written instructions given at the time by the district attorney to the marshal, which were only to the effect, that the marshal was to withdraw his keeper from the premises of Stubbin, and order such keeper to visit such premises occasionally, to see that all was right.

But, even if such agreement as set up were proved, it would not avail Stubbin, as a legal ground for the interposition of the court, The agreement set up is substantially a compromise of the claim against Stubbin. The enforcement of the claim was to be perpetually stopped in consideration of something to be done by Stubbin, other than paying the claim. The case being one arising under the internal revenue laws, and the suit having been commenced, no compromise of the case could be made without the concurrence of the commissioner of internal revenue, the secretary of the treasury and the attorney general. Act July 20, 1868, § 102 (15 Stat. 166); 12 Op. Attys. Gen. U. S. 536, 552.

The motion is denied, and the stay of proceedings must be vacated.